IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOX VALLEY WOMEN AND | ) | Case No. 13-20024 |
| CHILDREN'S HEALTH | ) | |
| PARTNERS, LTD., | ) | Honorable Carol A. Doyle |
| | ) | Hearing:    October 2, 2014 |
| Debtor. | ) | 10:00 a.m. |

# NOTICE OF MOTION

PLEASE TAKE NOTICE THAT, on **October 2, 2014**, at **10:00 a.m.**, we shall appear before the Honorable Carol A. Doyle, or whomever is sitting in her stead, in Courtroom 742 of the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and then and there present the **Fourth and Final Application of Bradley Block for Compensation and Reimbursement of Expenses**, a copy of which is herewith served upon you.

BRADLEY BLOCK

Date:  September 9, 2014          By:  ___/s/ Bradley Block_____
                                                          One of his Attorneys

Bradley Block
Law Offices of Bradley Block
707 Skokie Boulevard
Suite 600
Northbrook, Illinois 60062
(224) 533-1075
brad.block@bradblocklaw.com

# CERTIFICATE OF SERVICE

      I, Bradley Block, an attorney, certify that I served a copy of the foregoing Fourth and Final Application of Bradley Block for Compensation and Reimbursement of Expenses, on the persons listed below by ECF Filing or, if indicated, by email on September 9, 2014.

                                                    __/s/ Bradley Block_____
                                                            Bradley Block

**SERVICE BY ECF**:

| | |
|---|---|
| William Serritella (wserritella@agdglaw.com)<br>Jillian S. Cole (mmarzuki@addglaw.com)<br>Aronberg, Goldgehn, Davis & Garmisa<br>330 North Wabash Avenue<br>Suite 1700<br>Chicago, Illinois 60611 | William J. Factor (wfactor@wfactorlaw.com)<br>Jeffrey K. Paulsen (jpaulsen@wfactorlaw.com)<br>The Law Office of William J. Factor, Ltd.<br>1363 Shermer Road<br>Suite 224<br>Northbrook, Illinois 60062 |
| Cynthia G. Feeley<br>Feeley & Associates, P.C.<br>161 North Clark Street<br>Suite 2500<br>Chicago, Illinois 60601<br>Feeleypc@aol.com | Miriam R. Stein (mstein@chuhak.com)<br>Eileen M. Sethna (esethna@chuhak.com)<br>Chuhak & Tecson, PC<br>30 South Wacker Drive<br>Suite 2600<br>Chicago, Illinois 60606 |
| Gretchen Silver<br>Office of the United States Trustee<br>219 South Dearborn Street, Room 873<br>Chicago, Illinois 60604<br>USTPRegion11.es.ecf@usdoj.gov | Bruce de'Medici<br>834 Forest Avenue<br>Oak Park, Illinois 60302<br>bdemedici@gmail.com |
| E. Philip Groben<br>Cohen and Krol<br>105 West Madison Street<br>Suite 1100<br>Chicago, Illinois 60602<br>pgroben@cohenandkrol.com | Lauren Newman<br>Thompson Coburn<br>55 East Monroe<br>37th Floor<br>Chicago, Illinois 60603<br>lnewman@thompsoncoburn.com |

Patrick Howell
White Hirschboeck Dudek
55 East Wells Street
Suite 1900
Milwaukee, WI 53202
Phowell@whdlaw.com

Ira Bodenstein (ibodenstein@shawfishman.com)
John Guzzardo (jguzzardo@shawfishman.com)
Shaw Fishman, Glantz & Towbin
321 North Clark Street
Suite 800
Chicago, Illinois 60610

Patrick Giese
Tomasik, Kotin, Kasserman
10 South LaSalle Street
Chicago, Illinois 60603
pat@tkklawfirm.com

Grace Wang (by email)
grace.wang@advocatehealth.com

Carolyn Mills (by email)
cmills328@gmail.com

Dave Scavotto (by email)
dscavotto@fvwchp.com

Michael Gesas (mlgesas@arnstein.com)
David Golin (dagolin@arnstein.com)
Arnstein & Lehr, LLP
120 South Riverside Plaza
Suite 1200
Chicago, Illinois 60606

Steve Jakubowski
Robbins, Salomon & Patt
180 North LaSalle Street
Suite 3300
Chicago, Illinois 60601
sjakubowski@rsplaw.com

Sara Cook (debtor@mckenna-law.com)
Jaime Dowell (jdowell@mckenna-law.com)
KcKenna Storer
666 Russel Court
Suite 303
Woodstock, IL 60098

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOX VALLEY WOMEN AND | ) | Case No. 13-20024 |
| CHILDREN'S HEALTH | ) | |
| PARTNERS, LTD., | ) | Honorable Carol A. Doyle |
| | ) | Hearing:   October 2, 2014 |
| Debtor. | ) | 10:00 a.m. |

**COVER SHEET FOR FOURTH AND FINAL APPLICATION**
**FOR PROFESSIONAL COMPENSATION**

Name of Applicant:                                   Bradley Block

Authorized to Provide Professional Services to:      Fox Valley Women and Children's Health Partners, Ltd.

Date of Order Authorizing Employment:                June 18, 2013

Period for which Compensation is Sought:             January 12, 20014 to September 8, 2014

Amount of Fees Sought:                               $30,770.00

Amount of Expenses Sought:                           $3,010.63

This is a(n):              ___ interim              _X_ final application

If this is not the first application filed, disclose the following for each prior application:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| July 22, 2013 | May 11-July 10, 2013 | $39,907.50 | $0 | $39.142.50 | $0 |
| October 14, 2013 | July 11-October | $72,505.00 | $636.63 | $72,505.00 | $636.63 |
| January 17, 2014 | October 2, 2013-January 11, 2014 | $29,325.00 | $247.99 | $29,325.00 | $247.99 |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is: $142,622.12.

BRADLEY BLOCK

Date:   September 9, 2014              By: __/s/ Bradley Block_____
                                              One of his Attorneys

Bradley Block
Law Offices of Bradley Block
707 Skokie Boulevard
Suite 600
Northbrook, Illinois 60062
(224) 533-1075
brad.block@bradblocklaw.com

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | ) | Chapter 11 |
|---|---|---|
| | ) | |
| FOX VALLEY WOMEN AND CHILDREN'S HEALTH PARTNERS, LTD., | ) ) ) | Case No. 13-20024 |
| | ) | Honorable Carol A. Doyle |
| | ) | Hearing: October 2, 2014 |
| Debtor. | ) | 10:00 a.m. |

## **SUMMARY SHEET**

| | | | |
|---|---|---|---|
| Fees Previously Requested: | $142,502.50 | Name of Applicant: | Bradley Block |
| Fees Previously Paid: | $141,737.50 | Role in Case: Counsel to the Debtor | |
| Retainer Paid: | $0 | | |
| | | | |
| Expenses Previously Requested: | $884.62 | Current Application: | |
| Expenses Previously Paid: | $884.62 | Fees Requested: | $30,770.00 |
| | | Expenses Requested: | $ 3,010.63 |

## **FEE APPLICATION**

| Names of Professionals | Year Admitted to Practice | Hours Billed | Rate | Total |
|---|---|---|---|---|
| Bradley Block | 1987 | 72.4 | $425 | $30,770.00 |
| Total Blended Hourly Rate: | $425 | | | |

5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: ) | Chapter 11 | |
| ) | | |
| FOX VALLEY WOMEN AND ) | Case No. 13-20024 | |
| CHILDREN'S HEALTH ) | | |
| PARTNERS, LTD., ) | Honorable Carol A. Doyle | |
| ) | Hearing: | October 2, 2014 |
| Debtor. ) | | 10:00 a.m. |

**FOURTH AND FINAL APPLICATION OF BRADLEY BLOCK
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Bradley Block ("Block"), for his Fourth and Final Application for Compensation and Reimbursement of Expenses (the "Application"), for services rendered to Fox Valley Women and Children's Health Partners, Ltd. (the "Debtor"), made pursuant to Sections 330, 331 and 503(b) of the Bankruptcy Code and Bankruptcy Rule 2016, states as follows:

1. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 10, 2013. Since that date, the Debtor has operated its business and managed its financial affairs pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. On June 18, 2013, the Court entered its order authorizing the Debtor to retain Bradley Block as one of its counsel in this Bankruptcy Case. A copy of that Order is attached hereto as Exhibit A. The Debtor retained Block to perform legal services at a rate of $425 per hour, Block's normal and customary rate, plus reimbursement of reasonable and necessary expenses incurred in connection with the representation. The Debtor has also retained other counsel; Block has endeavored to avoid duplicating the efforts of other counsel and has written off time where such duplication occurred; those write-offs are reflected in Block's itemized time entries.

3.      This Application is Block's fourth fee application; it is a final application, and seeks approval of the fees and expenses sought herein, as well as final approval of all prior amounts of fees and expenses that have been awarded to Block in this case. Block previously sought $142,502.50 in fees and $636.63 in expenses pursuant to three prior interim applications covering the periods from (a) May 11, 2013 to July 10, 2013, (b) July 11, 2013 to October 1, 2013, and (c) October 2 to January 11, 2014. In its Orders of August 19, 2013, November 6, 2013, and February 12, 2014, the Court previously approved $39,907.50 in fees, $72,505.00 in fees and $636.63 in expenses, and $29,325.00 in fees and $247.99 in expenses, and the Debtor subsequently paid those amounts. This Application seeks allowance and payment of compensation and reimbursement of expenses for the period from January 12, 2014 through September 8, 2014.

4.      Block does not hold a retainer, and seeks payment from the cash collateral of MB Financial N.A., Chicago, Illinois ("MB"). Pursuant to the Debtor's Amended Chapter 11 Plan dated June 20, 2014, confirmed on August 7, 2014 (the "Plan"), **the amount of administrative expenses (including professional fees) will not impact the amounts distributed to unsecured creditors**; **the amount of fees and expenses awarded pursuant to this Application will only impact MB** (and, possibly, impact those who have guaranteed obligations to MB). The Debtor expects that, even after making all deductions required by the Plan (including the carve-out for unsecured creditors), MB's cash collateral will exceed the amount of all professional fee applications and other administrative expenses by over $150,000.[1] The Debtor currently has approximately $690,000 on deposit.

---

[1] In February 2014, the Debtor distributed in excess of $1.8 million to MB.

7

5. Block has not agreed to share compensation (including the compensation sought in this Application) for services rendered to the Debtor in this Bankruptcy Case with any other person. Block does not have an agreement with any other person to share future compensation received in connection with representing the Debtor in this Bankruptcy Case.

6. The Debtor has reviewed this Application and has approved it.

## Status of the Case

7. The Debtor previously operated a medical practice focusing on obstetrics, gynecology and pediatrics. Its physicians conduct approximately 50,000 patient visits per year. The Debtor has approximately 67 employees. Its revenues for the fiscal year ending December 31, 2012 were just under $10 million.

8. The Debtor sought bankruptcy protection in order to allow it to sell its business as a going concern. On August 16, 2013, the Court approved the sale of substantially all of the Debtor's assets to Dreyer Clinic, Inc. ("Dreyer"). That sale closed effective September 1, 2013. The Debtor no longer operates a business.

9. As part of the sale to Dreyer, MB agreed to carve out 15% of the net sale proceeds for unsecured creditors in the event that MB was confirmed to have a first lien on substantially all of the Debtor's pre-petition assets. In an Order dated February 12, 2014, in Fox Valley Women and Children's Health Partners, Ltd. v. MB Financial, N.A., Chicago, Illinois, et al., Case No. 13-A-0940, this Court confirmed that MB held a first lien on substantially all of the Debtor's pre-petition assets.

10. The carve-out for payment of claims of unsecured creditors totals $341,131.47. Assuming no material disputes over claims, the Liquidating Trustee expects to distribute these funds to unsecured creditors before the end of 2014.

11. The Debtor is current on filing its Monthly Operating Reports and on payment of U.S. Trustee fees.

## Specific Tasks and Fees Incurred

12. Block seeks allowance and payment for attorney's fees of $30,770.00. Block has broken down the services he performed by project. Exhibit B contains Block's specific time entries by date, task performed and time incurred, organized according to project category. A summary of the fees sought by category is as follows:

| | Category | Hours | Amount Sought | Written Off (Not Included in Amount Sought) |
|---|---|---|---|---|
| 1. | Business Operations | 1.3 | 552.50 | 680.00 |
| 2. | Case Administration | 1.6 | 680.00 | 2,210.00 |
| 3. | Claims Administration and Objections | 10.1 | 4,292.50 | 1,232.50 |
| 4. | Fee/Employment Applications | 6.0 | 2,550.00 | 4,930.00 |
| 5. | Financing | 0.0 | 0.00 | 892.50 |
| 6. | Litigation | 33.2 | 14,110.00 | 7,522.50 |
| 7. | Plan and Disclosure Statement | 20.2 | 8,585.00 | 6,120.00 |
| **Total:** | | **72.4** | **30,770.00** | **23,587.50** |

A description of the project categories and summary of the fees sought and time incurred is described below.

### 1. Business Operations

Block's performed the following services, among others, for this category: (a) reviewed documents related to the sale of the Debtor's assets, and the disposition of the assets of related entities that were applied to the MB claim, (b) reviewed communications regarding termination of the Debtor's 401(k) plan, (c) reviewed communications regarding the Debtor's tax returns, and (d) responded to inquiries regarding the Debtor's retention of its documents. Because some

of these tasks duplicated the work of other counsel, Block wrote off significant time for this category of services.

In connection with this category, Block seeks compensation for 1.3 hours of work, or $552.50. In addition, Block has written off 1.6 hours of work (valued at $680.00), and does not seek compensation for that amount.

**2.    Case Administration**

Block performed the following tasks, among others, for this category: (a) managed the service list for creditors and other parties-in-interest in this case, (b) responded to inquiries regarding the expected course of this bankruptcy case, and the timing of related tasks, and (c) reviewed notices from the bankruptcy case of Dr. Steven Bush to determine if the Debtor needed to take any action. Because some of these tasks could have been performed by a professional with a lower billing rate, Block wrote off significant time for this category of services.

In connection with this category, Block seeks compensation for 1.6 hours of work, or $680.00. In addition, Block has written off 5.2 hours of work (valued at $2,210.00), and does not seek compensation for that amount.

**3.    Claims Administration and Objections**

Block performed the following tasks, among others, for this category: (a) analyzed, negotiated and settled the $900,000 of claims asserted against the Debtor by two of its principals, (b) obtained court approval of the settlement of the insider claims, and (c) investigated administrative, unsecured and priority claims by other creditors, .  Because some of these tasks involved relatively modest claims, Block wrote off significant time for this category of services.

In connection with this category, Block seeks compensation for 10.1 hours of work, or $4,292.50. In addition, Block has written off 2.9 hours of work (valued at $1,232.50), and does not seek compensation for that amount.

**4.    Fee/Employment Applications**

Block performed the following services, among others, for this category: (a) consulted with counsel concerning the employment application of the accountants, which was complicated because the accountants had performed work prior to seeking employment, (b) completed Block's third interim fee application, and revised and filed the third interim fee application of Nyberg & Cassioppi, (c) categorized time for this fee application, and (d) drafted this fee application, and revised and filed Nyberg & Cassioppi's final fee application. Because some of these were tasks that less experience professionals (at lower billing rates) could have performed, and because other counsel has primary responsibility for some of this work, Block wrote off significant time for this category of services.

In connection with this project, Block seeks compensation for 6.0 hours of work, or $2,550.00. In addition, Block has written off 11.6 hours of work (valued at $4,930.00), and does not seek compensation for that amount.

**5.    Financing**

For this category, Block reviewed cash collateral budgets and communicated any of his concerns to the Debtor's CFO and to co-counsel. Because this category includes tasks that were not Block's primary responsibility, he has written off all of his time for these tasks.

In connection with this category, Block seeks no compensation. In addition, Block has written off 2.1 hours of work (valued at $892.50), and does not seek compensation for that amount.

**6.    Litigation**

Block performed the following tasks, among others, for this category: (a) documented the settlement of the adversary proceeding through which the Court determined that MB had a first lien on substantially all of the Debtor's pre-petition assets, (b) addressed issues arising from garnishments and citations to discover assets served by Nicole Witte, a judgment creditor of Jeffrey D. Postlewaite, D.O., S.C., (c) communicated with co-counsel regarding potential preference actions, (d) responded to subpoenas from Jeffrey Posltewaite in connection with his litigation against Dr. Steven Bush, including but not limited to working to collect and produce almost 30,000 pages of documents.  Because some of these were tasks that less experience professionals (at lower billing rates) could have performed, Block wrote off significant time for this category of services.

In connection with this category, Block seeks compensation for 33.2 hours of work, or $14,110.00.  In addition, Block has written off 17.7 hours of work (valued at $7,522.50), and does not seek compensation for that amount.

**7.    Plan and Disclosure Statement**

Block performed the following tasks, among others, for this category: (a) reviewed and revised the draft plan, (b) responded to input from various parties-in-interest regarding the plan, (c) reviewed and revised the disclosure statement, (d) collected information needed to complete the disclosure statement, and (e) attended court hearings regarding the plan and disclosure statement, including the confirmation hearing. Because some of these tasks duplicated the work of other counsel, Block wrote off significant time for this category of services.

In connection with this category, Block seeks compensation for 20.2 hours of work, or $8,585.00. In addition, Block has written off 14.4 hours of work (valued at $6,120.00), and does not seek compensation for that amount.

## Expenses

13. Block seeks reimbursement of $3,010.63 of expenses. Invoices for larger expenses are attached as Exhibit C. The detail for these expenses is as follows:

| Date | Description | Amount | |
|---|---|---|---|
| 1/15/14 | Postage | $ 3.12 | |
| 1/17/14 | UPS (copying) ($0.065) | $ 13.00 | |
| 1/17/14 | Postage | $ 91.54 | |
| 1/17/14 | Postage | $ 3.22 | |
| 1/20/14 | UPS (copying) ($0.09) | $ 25.20 | |
| 1/20/14 | Postage | $ 30.00 | |
| 6/3/14 | Fed-X Ground (FV Subpoena Resp.) | $ 16.58 | |
| 6/12/14 | Fed-X Ground (Loberg Subpoena Resp.) | $ 26.17 | |
| 6/23/14 | Regus (conversion of emails to pdf for Loberg subpoena response) | $ 360.00 | (Invoice Attached) |
| 6/25/14 | Access Inform. Mgt. (copy/bates stamp Produce FV docs for subpoena) | $ 265.49 | (Invoice Attached) |
| 7/7/14 | Fed-X Ground (FV Subpoena Resp.) | $ 12.26 | |
| 7/14/14 | Postage | $ 4.06 | |
| 7/15/14 | Regus (Plan Package Copying and Mailing) | $1,812.56 | (Invoice Attached) |
| 7/21/14 | Postage | $ 2.03 | |
| 8/28/14 | Regus (Plan Confirm/Bar Date Notice) | $ 336.62 | (Invoice Attached) |
| 9/9/14 | Postage (Notice of Fee Apps) | $ 10.78 | (Anticipated) |
| Total Expenses: | | $3,010.63 | |

## Request for Allowance and Payment of Compensation and Reimbursement of Expenses

14. Block seeks final allowance and payment of compensation of $30,770.00 and expenses of $3,010.63 for this Application, and also final allowance of all prior awards of compensation and reimbursement of expenses to Block in this case. Block's services were reasonable and necessary for the Debtor to prosecute this Chapter 11 bankruptcy case, and benefited the Debtor and the bankruptcy estate. Significantly, Block has endeavored to avoid

13

duplicating effort with the other counsel representing the Debtor in this case, and has written off amounts where duplication occurred.  Further, when Block performed tasks that would ordinarily be performed by professionals with lower billing rates than Block's rate, Block has written off time to effectively create a lower billing rate.  Block has also endeavored to be efficient, using his experience to expend fewer hours than less experienced attorneys might bill for similar tasks.  Finally, Block's hourly rate—his normal hourly rate charged for bankruptcy and nonbankruptcy matters—is reasonable, and in fact low compared to the rates charged by attorneys with comparable (27 years) experience.

15. Further, this Application complies with the requirements of the Bankruptcy Code, Bankruptcy Rules and local rules.  Block billed in one-tenth hour increments, provided detailed written explanations of the work performed, did not lump time entries together improperly, and categorized his time by project.

16. Because the Court confirmed the Plan with no objections from creditors, and because payment of compensation does not impact the distribution made to unsecured creditors, Block requests that notice of this fee application be limited to (a) the service list described above (who will receive complete copies of this Fee Application) and (b) the 20 largest creditors (who will receive a notice regarding this Fee Application.).

17. A draft order is attached as Exhibit D.

WHEREFORE, Bradley Block, as counsel for the Debtor, respectfully requests that this Court allow compensation to him in the amount of $30,770.00 and reimbursement of $3,010.63

of expenses, authorize the Debtor to pay him such amount, and grant such further relief as this Court deems proper.

BRADLEY BLOCK

Date:   September 9, 2014         By: __/s/ Bradley Block_____
                                         One of his Attorneys

Bradley Block
Law Offices of Bradley Block
401 Huehl Road
Suite 2E
Northbrook, Illinois 60062
(224) 533-1075
brad.block@bradblocklaw.com